**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2057-19

KYLE TOTH,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted May 17, 2021 – Decided June 16, 2021

Before Judges Hoffman and Smith.

On appeal from the New Jersey Department of Corrections.

Kyle Toth, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Nicholas Falcone, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Kyle Toth is an inmate at Southern State Correctional Facility (SSCF). He appeals the decision of the Department of Corrections (DOC) denying reclassification from gang minimum custody status to full minimum custody status. For the reasons set forth below, we affirm.

In 1992, appellant fatally stabbed his grandfather, Frank Epifanio, and his grandfather's friend Dorothy Devine, with a knife and an ice pick while attempting to steal property from his grandfather's home. The forensic report for the two victims revealed the grisly nature of the murders. Mr. Epifanio suffered thirty-nine stab wounds during the attack and Ms. Devine suffered thirteen stab wounds, including wounds to her head, chest, and back. On November 18, 1994, appellant pled guilty to two counts of felony murder in violation of N.J.S.A. 2C:11-3(a)(3). He was sentenced by the trial court to two concurrent thirty-year terms in prison with a mandatory minimum term of thirty years. Appellant was seventeen years old at the time that he committed these crimes. He will be forty-seven years old at the time of his projected release in November 2022.

While serving his sentence, appellant applied for a transfer from East Jersey State Prison (EJSP) to SSCF on July 23, 2019. He also applied for a reduction from gang minimum custody status to full minimum custody status.

On November 6, 2019, the DOC's Institutional Classification Committee (ICC) denied reclassification approval. The six committee members gave written reasons for denying full minimum custody status. They cited the "extreme level of violence used in the commission of the offense" and noted there were "multiple victims." Other records before the ICC included appellant's psychological evaluation and his reclassification score.

Appellant exhausted his DOC administrative appeals and now seeks relief from this court, contending that the DOC violated his right to due process and that its decision was not in accordance with its own administrative regulations.

We have "a limited role in reviewing a decision of a state administrative agency." Henry v. Rahway State Prison, 81 N.J. 571, 579 (1980). We will sustain the decision of an administrative agency "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." In re Herrmann, 192 N.J. 19, 27-28 (2007) (citing Campbell v. Dep't of Civ. Serv., 39 N.J. 556, 562 (1963)). Furthermore, "[a]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference." In re Appeal by Progressive Cas. Ins. Co., 307 N.J. Super. 93, 102 (App. Div. 1997).

A-2057-19

The classification of prisoners and decisions on custody status rest solely within the discretion of the DOC. See, e.g., N.J.S.A. 30:1B-6, -9, 30:4-91.1 to -91.3; see also Smith v. N.J. Dep't of Corr., 346 N.J. Super. 24, 30 (App. Div. 2001) (citations omitted). Inmates do not have a constitutionally protected liberty interest in reduced custody status. Smith, 346 N.J. Super. at 29. Indeed, "a reduction in custody status is a matter of privilege, not of right." Id. at 30 (citing N.J.A.C. 10A:9-4.2).

The ICC has responsibility for assigning inmates to specific custody levels. There are six categories of custody status within the DOC: close custody, maximum custody, medium custody, gang minimum custody, full minimum custody, and community custody. N.J.A.C. 10A:9-4.1(a).

Appellant sought reclassification from gang minimum to full minimum. Inmates classified as gang minimum custody remain on the grounds of the facility and under supervision. N.J.A.C. 10A:9-4.3(d). In contrast, those classified as full minimum custody may be assigned to "[w]ork details, jobs or programs outside the main correctional facility, . . . with minimal supervision . . . ." N.J.A.C. 10A:9-4.3(e)(1).

The ICC does not have "unbridled discretion" in assigning a particular custody level. Smith, 346 N.J. Super. at 33. When deciding whether to reduce

4

an inmate's custody status, the ICC must take into consideration all relevant factors. N.J.A.C. 10A:9-4.5(a). Those factors include:

> 1. Field account of the present offense;
> 2. Prior criminal record;
> 3. Previous incarcerations;
> 4. Correctional facility adjustment;
> 5. Residential community program adjustment;
> 6. The objective classification score;
> 7. Reports from professional and custody staff;
> 8. A conviction for a present or prior offense that resulted in a life sentence; and
> 9. Any reason which, in the opinion of the Administrator and the [ICC], relates to the best interests of the inmate or the safe, orderly operation of the correctional facility or the safety of the community or public at large.
>
> [Ibid.]

Significantly, the ICC may also consider the "[n]ature and circumstance of [an inmate's] present offense, including whether it was committed in an especially heinous, cruel, or depraved manner." N.J.A.C. 10A:9-3.3(a)(11) (citing N.J.S.A. 2C:44-1(a)(1)).

To support its denial, the ICC cited the circumstances of appellant's present offense in accordance with N.J.A.C. 10A:9-4.5(a) and -4.8. In addition to reviewing the record of his present offense, the ICC considered appellant's reclassification score, his psychological examination, and his argument. There is no due process violation on the record before us.

A-2057-19

Appellant contends the DOC's approval of his transfer from EJSP to SSCF also served as approval of his reclassification application. The DOC independently considered and acted on each application. We find no merit to this argument.

We are satisfied the DOC's determination was not arbitrary or capricious. Its decision was based on the violent nature of appellant's underlying offense under N.J.A.C. 10A:9-3.3(a) and -4.5(a), and is fairly supported in the record. In re Herrmann, 192 N.J. at 27-28 (2007).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2057-19